Kenneth I. Schacter
Derek Care
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022
Telephone:  212.705.7000
Facsimile:  212.752.5378
kenneth.schacter@bingham.com

*Attorneys for Defendant Ballet Jewels LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UT FREIGHT SERVICE (USA) LTD. and UT FREIGHT FORWARDERS LTD., <br><br>                           Plaintiffs, <br><br> -against- <br><br> BALLET JEWELS, LLC, <br><br>                           Defendant. | 08 Civ. 5002 (RPP) <br><br> **ANSWER** |

Defendant Ballet Jewels LLC ("Ballet"), by its attorneys, Bingham McCutchen LLP, answers the Verified Complaint ("Complaint") herein as follows:

1.      Ballet denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2.      Ballet admits the allegations set forth in paragraph 2 of the Complaint.

3.      Ballet admits that it engaged Plaintiffs to perform freight forwarding services on its behalf, and that Plaintiffs agreed to charge Ballet, and Ballet agreed to pay Plaintiffs, air

freight charges that were based on the actual weight of the packages that were shipped, and denies the remaining allegations set forth in paragraph 3 of the Complaint.

4.  Ballet admits that it engaged Plaintiffs to perform freight forwarding services on its behalf, and that Plaintiffs agreed to charge Ballet, and Ballet agreed to pay Plaintiffs, air freight charges that were based on the actual weight of the packages that were shipped, and denies the remaining allegations set forth in paragraph 4 of the Complaint.

5.  Ballet admits that it engaged Plaintiffs to perform freight forwarding services on its behalf, and that Plaintiffs agreed to charge Ballet, and Ballet agreed to pay Plaintiffs, air freight charges that were based on the actual weight of the packages that were shipped, and denies the remaining allegations set forth in paragraph 5 of the Complaint.

6.  Ballet denies the allegations set forth in paragraph 6 of the Complaint.

7.  Ballet denies the allegations set forth in paragraph 7 of the Complaint

8.  Ballet denies the allegations set forth in paragraph 8 of the Complaint.

9.  Ballet repeats and realleges its responses to paragraphs 1 though 8 of the Complaint as if fully set forth at length herein.

10. Ballet admits that it engaged Plaintiffs to perform freight forwarding services on its behalf, and that Plaintiffs agreed to charge Ballet, and Ballet agreed to pay Plaintiffs, air freight charges that were based on the actual weight of the packages that were shipped, and denies the remaining allegations set forth in paragraph 10 of the Complaint.

11. Ballet denies the allegations set forth in paragraph 11 of the Complaint

12. Ballet denies the allegations set forth in paragraph 12 of the Complaint.

13. Ballet denies the allegations set forth in paragraph 13 of the Complaint.

14. Ballet denies the allegations set forth in paragraph 14 of the Complaint.

15. Ballet denies the allegations set forth in paragraph 15 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action therein, fail to state a cause of action against Ballet.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have waived, relinquished and/or abandoned and are estopped to assert any claim for relief against Ballet respecting the matters which are the subject of the Complaint and all claims contained therein.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred from obtaining any relief on their Complaint in that, by conduct, representations and omissions, Plaintiffs have waived or relinquished any claim for relief against Ballet respecting the matters which are the subject of the Complaint and the causes of action contained therein.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from obtaining any relief in this action by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from obtaining any relief in this action by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent an award would constitute unjust enrichment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of set-off.

### EIGHTH AFFIRMATIVE DEFENSE

Ballet fully performed the obligations, if any, that Ballet owed to Plaintiffs and any failure of Ballet to perform was excused by Plaintiffs' breach, failure or conduct.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained (which Ballet expressly denies), and any recovery by Plaintiffs must be diminished or barred by reason thereof.

### TENTH AFFIRMATIVE DEFENSE

Ballet is relieved from any liability (which Ballet expressly denies) because the actions and/or omissions of Plaintiffs are the superseding and intervening causes of their alleged damages.

**WHEREFORE,** Ballet demands judgment as follows:

(i) dismissing the Complaint in its entirety;

(ii) awarding Ballet its costs, disbursements, and consultants' and attorneys' fees; and

(iii) awarding Ballet such other and further relief as the Court deems just and proper.

A/72567941.1

Dated: New York, New York
       June 18, 2008

                                      **BINGHAM McCUTCHEN LLP**

                                      By: <u>s/ Kenneth I. Schacter</u>
                                          Kenneth I. Schacter
                                          Derek Care
                                      399 Park Avenue
                                      New York, NY 10022
                                      Telephone: 212.705.7000
                                      Facsimile: 212.752.5378
                                      kenneth.schacter@bingham.com

                                      *Attorneys for Defendant Ballet Jewels LLC*

A/72567941.1

## CERTIFICATE OF SERVICE

David Marcus, an attorney admitted to practice before this Court, hereby certifies under penalty of perjury, that on this date, the 18th day of June, 2008, I caused the annexed Answer to be served by first class mail upon the following:

Michael A. Calano, Esq.
Calano & Culhane LLP
370 Lexington Avenue, Suite 1200
New York, New York 10017

David Marcus

A/72552669.1